## THE STATE *v.* DAVID CLARK.

In a prosecution for larceny, proof that the offence was committed on the day
charged in the indictment, is not necessary. It is sufficient if it be shown to
have been committed at any time within a year previous to the finding of the in-
dictment.

Evidence discovered since the trial of one found guilty of larceny, which neither
disproves nor has any tendency to disprove the main fact found by the jury,
that the accused was guilty of larceny within twelve months previous to the find-
ing of the indictment, cannot entitle the prisoner to a new trial.

APPEAL from the District Court of St. Landry, *Boyce*, J.

*Preston*, Attorney General, for the State.

*Linton* and *Dupré*, for the appellant.

JOHNSON, J. On the 30th day of November, 1842, the accused
was indicted by the grand jury of St. Landry, in the fifth judicial
district, Judge Boyce presiding, for the larceny of a heifer, alleged
to have been committed in said parish, on or about the 10th day
of September, 1842 ; the heifer was alleged to have been the pro-
perty of one Charles Soileau. At that term of the court the case
was continued for testimony on the affidavit of the accused ; and,
at the succeeding term, it was continued by the State; but at the
November term, 1843, it appears from the record, that the trial
was brought on without objection or opposition, and resulted in
a verdict of guilty. A new trial was sought on the ground of
newly discovered evidence, supported by affidavit. The motion
was overruled by the judge, from whose decision in this respect,
as well as to his charge to the jury, this appeal has been taken.
As first in order on the trial, we will first dispose of the charge
complained of.

It appears that the counsel of the defendant requested the judge
to charge the jury, " that the State was bound to prove that the
offence charged in the indictment was committed on the day
stated therein, or within the prescription required by law ;"
whereas, and instead, the judge said to the jury ; " It was not
necessary the proof should show, that the crime charged in the
indictment was committed on the precise day stated. That it
sufficed, if the proof showed the crime to have been committed
on any day before the finding of the bill of indictment which the
jury were trying, provided it was within a year previous to the
finding of said bill." In this charge we cannot perceive the
slightest error or misdirection. Time was not of the essence,
nor an essential ingredient in the constitution of the offence pro-
secuted, and was only important in regard to prescription, which
the judge expounded correctly.

The next and only remaining question is, whether the judge

erred in overruling the motion for a new trial. The affidavit is unusually prolix, but it is necessary to give it at length, in order that our views of it may be understood. It is as follows; " The defendant deposeth and says, that since the trial and conviction in the above case, he has discovered new and important witnesses, whose testimony is material and important in his defence, and which he could not have summoned to appear and testify on the trial of his cause at the present term of your honorable court, they residing out of the parish of St. Landry and county of Opelousas. That the names of said witnesses are —— Phelps, and François Hebert, residing in the county of Rapides, and Eugenie or Ginny Hook, residing in the county of Opelousas, in a distant part of the parish of St. Landry. That by the first of said witnesses he expects to prove, that he is a deputy surveyor of the United States, who has traversed the 31st degree of north latitude, which is the boundary line between the counties of Opelousas and Rapides, and that that line includes your affiant's place of residence in said county of Rapides. That your affiant and his neighbors have paid taxes, and have uniformly voted in the said county of Rapides, and that said district of country has never been considered as an integral portion of the county of Opelousas, nor themselves as inhabitants of said county. That they do not perform any of the parochial duties, nor are they considered liable to perform them on the part of the people and inhabitants of the parish of St. Landry. That he expects and believes further to prove by said Phelps, that he resides several miles within the boundary of the county of Rapides. By the second witness he expects to prove, that he resides on the plantation adjoining him; that he did so reside at the time the offence is alleged to have been committed, and for a year before, being a man of family; and that said Hebert's plantation is situated in the county of Rapides. He subjoins to this affidavit said Hebert's certificate from the register and receiver of the land office at Opelousas, from which it will appear, that his premises are situated in the said county of Rapides; and he desires it may be considered as part of this affidavit. That said Hebert has for many years resided on said premises, and that your affiant has for the last two years and a half, resided adjoining him on the north-west, as will appear from a diagram annexed to said certificate of François and Joseph Hebert. That he is informed and expects to prove by the third witness, Eugenie or Ginny Hook, that on or about the time alleged in the indictment, as that when the animal was stolen and destroyed, William Carpenter and Eli Clark did kill a heifer, (whether the animal alleged as prosecutor's, this affiant knows not,) but without the knowledge, consent, or participation of this affiant. That at the time aforesaid, he was confined to

his house by an injury in his foot, and unable to go out of it; that if the said animal was destroyed he knew nothing about it, had no hand, act, nor part therein; and that said Miss Hook will state these facts fully on her examination."

The principal object of the testimony of the two first named witnesses is, to prove that the residence of the accused was in the parish of Rapides. Let it be granted that they could fully prove that fact, it would not take from the accused the capacity of perpetrating a crime in the parish of St. Landry, nor show that the offence of which he has there been tried and convicted, was not committed in that parish. Let it also be granted that Ginny Hook would prove, that on or about the time laid in the indictment, William Carpenter and Eli Clark did kill a heifer without the knowledge of the defendant, and that on or about the time laid in the indictment he was confined to his house by an injury in his foot, and unable to go out of it; and that " if the said animal was destroyed, he knew nothing of it,"—still, this only proves negative and immaterial circumstances, and neither disproves nor has any direct tendency to disprove the existence of the main fact found by the jury, that the accused, at some time within twelve months anterior to the finding of the indictment, committed larceny of a heifer, of the goods and chattels of one Charles Soileau, in the parish of St. Landry. It is not sufficient to warrant the granting of a new trial, that the newly discovered evidence might have the effect of throwing a shade of doubt over some of the incidental circumstances of the trial. It should appear to be of so decided a character, that, if admitted, it would give an acquitting complexion to the case.

*Judgment affirmed.*